**ZENG MU LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.**

No. 07–4549–ag.

United States Court of Appeals, Second Circuit.

June 20, 2008.

that the government has specifically threatened to sterilize her upon return to China.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Ann Carroll Varnon, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zeng Mu Li, a native and citizen of the People's Republic of China, seeks review of an October 2, 2007 order of the BIA affirming the March 19, 2001 decision of Immigration Judge ("IJ") Patricia A. Rohan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zeng Mu Li,* No. A78 125 640 (B.I.A. Oct. 2, 2007), *aff'g* No. A78 125 640 (Immig. Ct. N.Y. City, Mar. 19, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Li has failed to sufficiently challenge the agency's denial of CAT relief before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,*

426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

When the BIA affirms the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

■ We find no error in the agency's determination that Li failed to meet his burden of proof for asylum, withholding of removal, or CAT relief. The BIA correctly determined that Li's wife's forced sterilization does not constitute past persecution as to Li. As we have held, "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309 (2d Cir.2007) (en banc). Accordingly, to the extent it is based on his wife's forced sterilization, Li's petition for review "is doomed." [2] *See Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007); *Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007).

Moreover, the IJ properly determined that Li "has not established past persecution or a well-founded fear of persecution because of ... the events that transpired in connection with the enforcement of the Family Planning Policies at that time." [3] Li argues that he is eligible for asylum because he resisted China's family planning policy by having two children in violation of the one-child policy, by helping his wife hide at a relative's house when she became pregnant with his second child, and by escaping detention after being detained for a week.

■ Contrary to Li's arguments, there is no evidence in the record to demonstrate that he "resisted" China's family planning policy within the meaning of the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42)(B). Li does not challenge the agency's definition of the term "resistance." The BIA has described resistance as covering "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law". *Matter of S–L–L–,* 24 I. & N. Dec. 1 (BIA 2006); *see also Shi Liang Lin,* 494 F.3d at 313. Li's conduct does not reflect such resistance. After Li's wife gave birth to her first child, he testified that he made "excuses" in order to avoid her having an IUD inserted. However, when officials attempted to have Li's wife sterilized after she had her second child, Li "begged" them to issue a

---

2. To the extent Li argues that his wife may have been sterilized due to his other resistance to China's coercive population control program, that argument is merely an attempt to recast his claim that he was persecuted by virtue of the persecution of his wife. That claim is foreclosed by *Shi Liang Lin,* 494 F.3d 296, 309. *See also Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007).

3. We are unpersuaded by Li's argument that the agency failed to consider his other resistance claim. While the IJ did not explicitly find that Li did not engage in "other resistance to a coercive population control program," 8 U.S.C. § 1101(a)(42)(B), we conclude that the IJ's finding is broad enough to encompass Li's other resistance claim.

marriage certificate retroactively in exchange for the sterilization of his wife. He stated, "I said if I agree to let my wife to be sterilized, you have to issue our marriage certificate retroactively and also allow my children to be registered in school, and also in the household registration book." Such conduct is certainly far from resistance. *See id.*

■ Additionally, when family planning officials detained him because his wife was in hiding, he managed to escape after a week. This escape is not "overt" resistance to a family planning policy. *See Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006).

For the foregoing reasons, the petition for review is DENIED.